### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALVIN WILLIAMS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No.: 19-cv-1203-JBM** |
| | ) | |
| . BOWEN, CORRECTIONAL OFFICERS | ) | |
| DOE #1 and DOE #2 | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a complaint alleging unconstitutional conditions of confinement, deliberate indifference to his serious medical needs and violations of Equal Protection at the Pontiac Correctional Center ("Pontiac").  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On April 23, 2019, Plaintiff was transferred to Pontiac and placed in cell 122 by Defendant Ballwin and two Doe Correctional Officers.  Plaintiff complains that he did not have access to his property and did not receive a bedroll or hygiene products.  When the cell door was

1

opened, it was clear that the toilet was malfunctioning as there was water and feces on the floor.

Plaintiff asks to be moved to a different cell, but Defendants offered no response.

Plaintiff claims that he fell one or more times due to the water on the floor. On one

occasion, he fell face first, causing his nose to bleed badly for 20 to 25 minutes. Plaintiff

believes that his nose was broken and claims that, even though he informed "authorities," he

received no medical treatment and no x-rays to his nose.

To plead an Eighth Amendment prohibits conditions of confinement claim Plaintiff must

allege "extreme deprivations" to establish that the conditions were serious enough to constitute

cruel and unusual punishment. "In order to violate the Constitution, deprivations must be

'unquestioned and serious' and contrary to 'the minimal civilized measure of life's necessities'.

Mere discomfort and inconvenience do not implicate the Constitution"; and "it is well-settled

that conditions which are temporary and do not result in physical harm are not actionable under

the Eighth Amendment." *Jihad v. Wright*, 124 F.3d 204 at *2 (7th Cir. 1997) (internal citations

omitted).

Here, Plaintiff does not indicate how long he was held under the described conditions.

*See Dixon v. Godinez,* 114 F.3d 640, 644 (7th Cir. 1997) (the court is to examine not just the

severity, but the duration of the complained-of conditions). *See also, Harris v. Fleming*, 839

F.2d 1232, 1235 (7th Cir. 1988) (ten days in a segregation unit without toilet paper, toothbrush or

toothpaste in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment).

Plaintiff will be given an opportunity to replead his conditions of confinement claim, indicating

the length of time he was subjected to the conditions.

Plaintiff alleges deliberate in difference in the treatment of his facial injury but does not

indicate whom he holds liable, pleading only that he informed "authorities" who failed to act. To

successfully establish deliberate indifference to a serious medical need, a plaintiff must show (1) that the defendant knew of the serious medical need, and (2) disregarded that need. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir 1998)*, citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff will be given leave to amend his deliberate indifference claim, but must indicate the name, title, position or other descriptive information as to those whom he holds liable so that they may be served.

Plaintiff also makes a conclusory claim that he suffered a violation of Equal Protection. He fails to plead, however, that he was treated differently from other similarly situated individuals due to his race, or that he was arbitrarily singled out for unfair treatment. *Abcarian v. McDonald,* 617 F.3d 931, 938 (7th Cir. 2010). Plaintiff asserts only that he was placed in a cell where water and feces had overflowed onto the floor. These allegations fail to plead that Plaintiff was "irrationally targeted" for discriminatory treatment. *See Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). *See also, Shango v. Jurich*, 681F.2d 1091, 1104 (7th Cir. 1982). While these facts might not support an Equal Protection claim, Plaintiff will be given an opportunity to replead this claim, should he wish.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

3

2.      Plaintiff's [8], motion to serve Defendants; and [11] and [15], motions for recruitment of pro bono counsel are all DENIED, with leave to reassert if Plaintiff files an amended complaint which survives merit review.  Plaintiff's motion for status [14] is rendered MOOT by this order.


ENTERED:__9/18/2019_____


_____ s/Joe Billy McDade_____
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE